UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIN SHOJAEIGHADIKOLAEI and
MAJEDEH ESMIZADEH,

      Plaintiffs,

v.                                                                Case No: 6:25-cv-1535-JSS-DCI

DIRECTOR OF THE UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES and
SECRETARY OF THE UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY,

      Defendants.
_____/

## **ORDER**

Plaintiffs, Amin Shojaeighadikolaei and Majedeh Esmizadeh, initiated this case on August 12, 2025, by filing a pleading titled Petition for Writ of Mandamus and Complaint for Injunctive Relief.  (Dkt. 1.)  Defendants, Director of the United States Citizenship and Immigration Services (USCIS) and Secretary of the United States Department of Homeland Security (DHS), move to dismiss the case based on lack of subject matter jurisdiction and failure to state a claim.  (Dkt. 22.)  Plaintiffs oppose the motion.  (Dkt. 25.)  Upon consideration, for the reasons outlined below, the court grants the motion and dismisses this case.

## BACKGROUND[1]

Plaintiffs, a married couple, are citizens of Iran residing in Winter Park, Florida. (Dkt. 1 ¶¶ 4, 17–18.)  They "have been living in the United States for six years" and "now seek lawful permanent resident status."  (*Id.* ¶¶ 2–3.)  Shojaeighadikolaei filed an I-140 petition with USCIS on September 23, 2022, and as his wife, Esmizadeh is a derivative beneficiary respecting the petition.  (*Id.* ¶ 4.)  On May 2, 2023, USCIS approved the petition and allowed Plaintiffs to "apply for [l]awful [p]ermanent [r]esidence in the United States."  (*Id.* ¶ 5.)  Consequently, Plaintiffs filed Form I-485 applications for adjustment of status on October 19, 2023.  (*Id.* ¶¶ 6, 28–29.)  According to Plaintiffs, although they "have provided all requested and necessary information, documentation, and filing fees . . . for these applications"—"all of which establish eligibility for these immigration benefits"—their Form I-485 applications have been "pending before Defendants . . . with no end in sight."  (*Id.* ¶¶ 6–7.)

Plaintiffs state that they attended an interview with USCIS on April 9, 2024, and that after the interview, "there was no communication or decision issued by USCIS, despite multiple inquiries via [telephone] and chat services."  (*Id.* ¶ 34.)  According to Plaintiffs, "[o]fficers consistently reported that no notes or updates were visible in the system."  (*Id.*)  Shojaeighadikolaei contacted USCIS on April 18, 2024, and USCIS responded that his Form I-485 application was still pending.  (*Id.* ¶ 35.)  Allegedly, in June 2024, an officer informed Plaintiffs that their "case was 'approvable'

---

[1] The court derives the facts from Plaintiffs' pleading.  *See Douglas v. United States*, 814 F.3d 1268, 1274 (11th Cir. 2016).

but subject to an undisclosed internal hold." (*Id.* ¶ 36.)  Plaintiffs indicate that "[s]ince that interaction, [they] have diligently followed up with the officer on a monthly basis, but each response has indicated no change in case status." (*Id.*)  Plaintiffs further state: "Despite additional outreach to multiple congressional offices and submission of repeated e-requests to USCIS, Plaintiffs have received only generic responses." (*Id.*)

Shojaeighadikolaei contacted USCIS on August 7, 2024, and was told that his Form I-485 application would be processed in approximately eighteen months. (*Id.* ¶ 37.)  He contacted USCIS in September, October, November, and December 2024 and allegedly received "the same generic responses." (*Id.* ¶ 38.)  Shojaeighadikolaei contacted USCIS on May 2, 2025, and USCIS responded over two months later, indicating generally that mandatory security checks were causing delays. (*Id.* ¶ 39.) He also sought assistance from representatives in Congress. (*Id.* ¶ 40.)  Purportedly, Defendants' failure to adjudicate the Form I-485 applications has harmed Plaintiffs emotionally and financially. (*See id.* ¶¶ 7–14.)

Given the delay in adjudicating their Form I-485 applications, Plaintiffs assert three counts against Defendants. (*Id.* ¶¶ 45–78.)  In count one, they sue for unreasonable delay under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1). (Dkt. 1 ¶¶ 45–59.)  In count two, they seek a writ of mandamus under 28 U.S.C. §§ 1361 and 1651. (Dkt. 1 ¶¶ 60–70.)  In count three, they claim that Defendants' alleged misconduct violates their substantive and procedural due process rights under the Fifth Amendment. (*Id.* ¶¶ 71–78.)  Additionally, Plaintiffs request attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28

U.S.C. § 2412.  (Dkt. 1 ¶ 79.)  As relief, Plaintiffs ask the court to exercise jurisdiction over this case, to mandate that Defendants adjudicate the Form I-485 applications as immediately as practicable, and to award Plaintiffs their attorney fees and costs.  (*Id.* ¶ 80.)

## APPLICABLE STANDARDS

Federal courts are "powerless to act without jurisdiction" and are therefore "obligated to inquire into subject matter jurisdiction" at the "earliest possible stage in the proceedings."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  The "burden for establishing federal subject matter jurisdiction rests with the party bringing the claim" in federal court, i.e., Plaintiffs.  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quotation omitted).  "[I]f the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case."  *Trusted Net Media Holdings, LLC v. Morrison Agency, Inc.*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc); *accord Univ. of S. Ala.*, 168 F.3d at 410 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation omitted)).  "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A challenge to a court's subject matter jurisdiction is either facial or factual.  *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021).  A facial challenge

disputes that the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual challenge addresses "the existence of subject matter jurisdiction irrespective of the pleadings." *Id.* (quotation omitted). When deciding a facial challenge, the court accepts as true the well-pleaded factual allegations in the plaintiff's pleading. *Id.*; *see Lewis v. Governor of Ala.*, 944 F.3d 1287, 1309 (11th Cir. 2019) ("A facial attack requires the court to determine, based only on the pleadings, whether the plaintiff sufficiently alleged a basis of subject matter jurisdiction."); *see also Stalley*, 524 F.3d at 1232–33. Here, Defendants raise a facial challenge arguing that Plaintiffs have not sufficiently pleaded subject matter jurisdiction, (*see* Dkt. 22), so the court accepts the well-pleaded factual allegations in Plaintiffs' pleading as true and construes them in the light most favorable to Plaintiffs, *see Lewis*, 944 F.3d at 1309 ("When considering a facial attack . . . , the court 'must accept as true all material allegations of the [plaintiff's pleading] and must construe the [pleading] in favor of the [plaintiff].'" (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975))).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the [plaintiff's pleading] as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, the court considers only the four corners of the plaintiff's pleading and any exhibits attached to the pleading. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).

## ANALYSIS

Defendants assert that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives the court of subject matter jurisdiction concerning the pace at which Defendants adjudicate Plaintiffs' Form I-485 applications—a discretionary decision. (Dkt. 22 at 4–8.) The court agrees. The Eleventh Circuit has clarified that section 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). As a result, "neither mandamus jurisdiction . . . nor the [APA] . . . confer[s] jurisdiction to compel adjudication" in such cases. *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007) ("While this [c]ourt acknowledges [the p]laintiff's frustration from waiting indefinitely in 'immigration limbo' for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy."); *accord Lorente v. U.S. Citizenship & Immigr. Servs.*, No. 25-cv-25646-BLOOM/Elfenbein, 2026 WL 1396116, at *8, 2026 U.S. Dist. LEXIS 110456, at *21 (S.D. Fla. May 19, 2026) ("[C]ourts are without

jurisdiction to hear claims arising from a delay in [Form I-485] adjudication." (collecting cases)); *Patel v. Noem*, No. 1:24-CV-05067-ELR, 2025 WL 4110055, at *5 n.10, 2025 U.S. Dist. LEXIS 273534, at *11 n.10 (N.D. Ga. July 2, 2025) ("Because the [c]ourt lacks jurisdiction to review [the p]laintiffs' unreasonable delay claim under the APA, it also lacks jurisdiction to undertake the same review under the Mandamus Act."). Further, as to due process, the Eleventh Circuit has explained that there is "no constitutionally protected interest in purely discretionary forms of relief," such as adjustment of status. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008); *accord Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1221–22 ("[A noncitizen] does not have a constitutionally protected liberty interest in purely discretionary forms of relief . . . ."). Consequently, the court grants Defendants' motion.

## CONCLUSION

Accordingly:

1. Defendants' motion to dismiss (Dkt. 22) is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close the case.

**ORDERED** in Orlando, Florida, on June 1, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

- 8 -

Copies furnished to:

Counsel of Record